ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 APR 27 PM 2: 15

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SCOTTI BOBA TIETJENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 104-099 |
| ) | |
| PHILANDA Y. WESTBROOK, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

*Pro se* Plaintiff, having paid the filing fee, filed the instant case without positing an ostensible basis for the Court's subject matter jurisdiction as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(1). Perhaps noting that Plaintiff included allegations regarding her alleged mistreatment by a police officer who is not a named defendant in her complaint (see doc. no. 1, pp. 3, 5), the Clerk docketed the instant case as civil rights case under 42 U.S.C. § 1983. In its answer, Defendant Infinity Insurance Group ("IIG") argues that the case should be dismissed for lack of diversity jurisdiction. (Doc. no. 5, p. 1). Inexplicably, the time for filing civil motions in this case has passed, and Defendants have not moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Nevertheless, as it is obvious that the Court's jurisdiction over this case is doubtful,

13.

the Court is obliged to address the matter *sua sponte*.[1] Plaintiff alleges that Defendant Philanda Y. Westbrook ("Westbrook") rear-ended her during an automotive accident in 1998. (Doc. no. 1, p. 3). Plaintiff sued Defendant Westbrook and her insurer, Defendant IIG in state court, but was "forced [into a] settlement of $5,000.00."[2] (Id. at 4). Plaintiff maintains that her state suit was never resolved, so she has now filed in federal court. (Doc. no. 1, p. 4).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 374, 377 (1994). Plaintiff's allegations, even construed liberally (and assuming *res judicata* and

---

[1] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985)(citations omitted). Furthermore, Rule 12(h)(3) directs, "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3)(emphasis added). The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking*... The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, ... but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence.... Thus, the party invoking the federal court's jurisdiction bears the burden of proof.... If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*... Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald, 760 F.2d at 1251 (citations omitted).

[2] Defendant IIG maintains that the state court claim was "fully adjudicated" and that an ordered was issued precluding Plaintiff from further litigating her claim. (Doc. no. 5, p. 2).

2

statute of limitations concerns do not foreclose her claim), are insufficient to confer jurisdiction upon the Court. While Plaintiff makes mention of "injustices" and her "civil rights" and brings a variety of complaints regarding her state court case--including accusations against her former attorney, Defendants' attorneys, and the trial judge--she provides nothing from which to assume that Defendants, acting under color of law, have violated her constitutional rights. (Doc. no. 1, p. 6, doc. no. 12, p. 2). Simply put, Plaintiff has not pled a civil rights action under 42 U.S.C. § 1983. More generally, Plaintiff has identified no "federal question" in this case, as she has not identified any alleged violation of a particular federal statute or constitutional provision. 28 U.S.C. § 1331. In addition, Plaintiff has also offered no basis from which to suppose that diversity jurisdiction exists. 28 U.S.C. § 1332. In sum, Plaintiff has not provided any facts that could give rise to federal jurisdiction over her claims. See, e.g., Andrews v. Hotel Reed Nursing Home, 167 F. Supp.2d 1333, 1337-40 (S.D. Ala. 2001)(applying "well-pleaded complaint" rule to determine that court did not have jurisdiction over *pro se* complaint).

It is true that Plaintiff has requested the Court's "assistance" regarding the jurisdictional issue. (Doc. no. 12). Regrettably, this request must be **DENIED**. While the Court construes Plaintiff's *pro se* filings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(*per curiam*), the Court does not have a "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. . . ." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (citation omitted). Liberal construction also does not entitle the Court "to conjure up unpled allegations." McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983); St. John v. United

3

States, 54 F. Supp.2d 1322, 1323 (S.D. Fla. 1999). The Court is an arbiter, not an advocate. In re Jackson, 198 B.R. 206, 210 (M.D. Ala. 1994). Thus, the Court cannot give Plaintiff the assistance she seeks.

To the extent that Plaintiff's motion is a renewal of her request for the appointment of an attorney, this request should also be denied. Civil litigants do not have a statutory or constitutional right to the appointment of counsel. See Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990)("Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.") While a civil litigant has the right to hire retained counsel, she has no right to require the government to provide her with an attorney. Potashnick v. Port City Const. Co., 609 F.2d 1101, 1118 (5th Cir. 1980).

"The key is whether the *pro se* litigant needs help in presenting the essential *merits* of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)(emphasis added). Here, where the Court lacks jurisdiction, there are no "essential merits" to present to the Court, and therefore no reason to appoint counsel. See Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)("*After determining that such a case has some merit*, the district court initially should consider the plaintiff's request for counsel, if one is made, in light of the complexity or novelty of the issues presented." Id. (emphasis added)). The instant case simply presents no occasion for the appointment of counsel.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction, and that Plaintiff's

motion for "assistance" (doc. no. 12) be **DENIED**.

SO REPORTED and RECOMMENDED this 27th day of April, 2005, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
Southern District of Georgia

Case Number: 1:04-cv-00099
Date Served: April 27, 2005
Served By: Joseph A. Howell

Attorneys Served:

Scotti Boba Tietjens
Percy J. Blount, Esq

____ Copy placed in Minutes
____ Copy given to Judge
____ Copy given to Magistrate